**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
1160 Battery Street East, Suite 100
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com

*Attorneys for Movant Emil Ivanov*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY E. DARCY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PAYPAL HOLDINGS, INC., JAMES ALEXANDER CHRISS, JAMIE S. MILLER, FRANK KELLER, and DIEGO SCOTTI,<br><br>Defendants. | Case No.: 3:26-cv-01589-JSC<br><br>**NOTICE OF MOTION AND MOTION OF EMIL IVANOV FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:      June 11, 2026<br>Time:      10:00 a.m.<br>Courtroom: 8-19th Floor<br>Judge:    Hon. Jacqueline Scott Corley |
| NORFOLK COUNTY RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PAYPAL HOLDINGS, INC., JAMES ALEXANDER CHRISS, JAMIE S. MILLER, FRANK KELLER, and DIEGO SCOTTI,<br><br>Defendants. | Case No.: 3:26-cv-02849-JSC |

## NOTICE OF MOTION AND MOTION

TO: ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE, that on June 11, 2026 at 10:00 a.m., or as soon as counsel may be heard, the undersigned will move before the Honorable Jacqueline Scott Corley at the United States District Court for the Northern District of California, San Francisco Courthouse, Courtroom 8 on the 19th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, for an Order:

1. Consolidating the Related Actions (the "Actions");

2. Appointing Emil Ivanov ("Movant") as Lead Plaintiff;

3. Approving Movant's choice of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel; and

4. Granting such other and further relief as the Court may deem just and proper.

Movant respectfully submits the following memorandum in support of his motion for: (a) consolidation of the Actions; (b) appointment of Movant as Lead Plaintiff; and (c) approval of Levi & Korsinsky as Lead Counsel.

## MEMORANDUM OF POINTS AND AUTHORITIES

## TABLE OF CONTENTS

I.     SUMMARY OF ARGUMENT ................................................................................................ 1

II.    STATEMENT OF ISSUES TO BE DECIDED ................................................................... 2

III.   STATEMENT OF FACTS ................................................................................................... 2

IV.    PROCEDURAL HISTORY .................................................................................................. 3

V.     ARGUMENT ......................................................................................................................... 4

    A.   Consolidation of the Actions is Appropriate. ............................................................ 4

    B.   Movant's Appointment as Lead Plaintiff Is Appropriate. ......................................... 5

        1.   The Procedure Required by the PSLRA .......................................................... 5

            a.   Movant Is Willing to Serve as Class Representative. ............................ 6

            b.   Movant Has the Largest Financial Interest in the Relief Sought by the Class. ...................................................................................................... 6

        2.   Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure. ...................................................................................................... 7

            a.   Movant's Claims Is Typical of the Claims of All Class Members. ........ 8

            b.   Movant Will Adequately Represent the Class. ...................................... 8

    C.   Approval of Movant's Choice of Counsel Is Appropriate. ........................................ 9

VI.    CONCLUSION .................................................................................................................... 10

NOTICE OF MOTION AND MOTION OF EMIL IVANOV FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# TABLE OF AUTHORITIES

**Cases**

*Booth v. Strategic Realty Trust, Inc.*,
No. 13-cv-04921-JST, 2014 U.S. Dist. LEXIS 10501 (N.D. Cal. Jan. 27, 2014) ...........................6

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) ....................................................................................1, 6, 7

*Crawford v. Honig,*
37 F.3d 485 (9th Cir. 1994) ...............................................................................................9

*In re Drexel Burnham Lambert Grp.*,
960 F.2d 285 (2d Cir. 1992)................................................................................................8

*In re E-Trade Financial Corp.* Securuties Litigation,
No. 07-cv-8538 (S.D.N.Y.).................................................................................................10

*Ferrari v. Gisch*,
225 F.R.D. 599 (C.D. Cal. 2004) .......................................................................................8

*Ferreira v. Funko, Inc.*,
No. 2:20-cv-02319-VAP-PJWx, 2020 U.S. Dist. LEXIS 106515 (C.D. Cal. June
11, 2020) ...............................................................................................................................1

*Gen. Tel. Co. of the Southwest v. Falcon*,
457 U.S. 147 (1982)..............................................................................................................8

*Gold v. Lumber Liquidators, Inc.*,
323 F.R.D. 280 (N.D. Cal. 2017)........................................................................................8

*Gurevitch v. KeyCorp, et al.*,
No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023) ................................................................10

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998) ............................................................................................8

*Haung v. Acterna Corp.,*
220 F.R.D. 255 (D. Md. 2004)............................................................................................7

*Hessefort v. Super Micro Computer, Inc,*
317 F.Supp.3d 1056 (N.D. Cal. 2018) ...............................................................................7

*Hom v. Vale, S.A.,*
Nos. 1:15-cv-9539-GHW, et. al., 2016 U.S. Dist. LEXIS 28863 (S.D.N.Y. Mar. 7,
2016) .....................................................................................................................................1

*Jaramillo v. Dish Network Corporation, et al.*,
No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023)...................................................................10

*Johnson v. Celotex Corp.*,
899 F.2d 1281 (2d Cir. 1990)..........................................................................................4, 5

NOTICE OF MOTION AND MOTION OF EMIL IVANOV FOR: (1) CONSOLIDATION OF THE ACTIONS; (2)
APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

*Johnson v. OCZ Tech. Grp.*,
    2013 U.S. Dist. LEXIS 1610 (N.D. Cal. Jan. 4, 2013) ....................................................1, 6

*In re LendingClub Sec. Litig.*,
    282 F.Supp.3d 1171 (N.D. Cal. 2017) ....................................................................8

*Martin v. BioXcel Therapeutics, Inc. et al.*,
    No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023) ....................................................10

*In re Milestone Sci. Sec. Litig.*,
     183 F.R.D. 404 (D.N.J. 1998)....................................................................7

*Mitchell v. Complete Mgmt., Inc.*,
    1999 U.S. Dist. LEXIS 14460 (S.D.N.Y. Sept. 17, 1999)....................................4

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998) ....................................................................8

*Petersen v. Stem, Inc. et. al.*,
    No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023) ....................................................10

*Primavera Familienstifung v. Askin*,
    173 F.R.D. 115 (S.D.N.Y. 1997) ....................................................................4

*Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*,
    No. 1:23-cv-02764 (N.D. Ill. July 11, 2023) ....................................................10

*Robidoux v. Celani*,
    987 F.2d 931 (2d Cir. 1993)....................................................................8

*Solomon v. Peloton Interactive, Inc. et al.*,
    No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023) ....................................................10

*In re Tesla Inc. Securities Litigation*,
    No. 3:18-cv-4865 (N.D. Cal.) ....................................................................10

*Thant v. Rain Oncology Inc. et al.*,
    5:23-cv-03518 (N.D. Cal. Nov. 1, 2023) ....................................................10

*Thant v. Veru, Inc. et al.*,
    No. 1:22-cv-23960 (S.D. Fla. July 27, 2023)....................................................10

*In re U.S. Steel Securities Litigation*,
    No. 2:17-579-CB (W.D. Pa.) ....................................................................10

*Veal v. LendingClub Corporation*,
    2018 WL 5879645 (N.D. Cal. Nov. 7, 2018) ....................................................7

*Villanueva v. Proterra Inc. et al.*,
    No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023) ....................................................10

*Weisz v. Calpine Corp.*,
    2002 U.S. Dist. LEXIS 27831 (N.D. Cal. Aug. 19, 2002)....................................4

iv

*Weltz v. Lee,*
  199 F.R.D. 129 (S.D.N.Y. 2001) ................................................................................................4

**Statutes**

15 U.S.C. § 78u-4 ...........................................................................................................*passim*

**Rules**

Fed. R. Civ. P. 23(a) ...............................................................................................1, 7, 8

Fed. R. Civ. P. 42(a) ...........................................................................................................4

NOTICE OF MOTION AND MOTION OF EMIL IVANOV FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

## I.  SUMMARY OF ARGUMENT

Presently pending before the Court are the above-captioned securities class actions (the "Actions") brought on behalf of all investors who purchased or otherwise acquired PayPal Holdings, Inc. ("PayPal" or the "Company") common stock between February 8, 2024 to February 2, 2026, inclusive (the "Class Period")[1]. Plaintiffs in the Actions allege violations of the Securities Exchange Act of 1934 (the "Exchange Act") against the Company and certain of its officers and/or directors.

The Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation that has also made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Movant lost approximately $101,170.29 in losses recoverable under *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 338 (2005) using a last-in-first-out ("LIFO") analysis. *Johnson v. OCZ Tech. Grp.*, No. 12-cv-05265-RS, 2013 U.S. Dist. LEXIS 1610, at *7 (N.D. Cal. Jan. 4, 2013).[2] Moreover, Movant satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that his claims are typical of the claims of the Class, and he will fairly and adequately represent the interests of the Class.[3] As such, Movant meets the requirements of the PSLRA

---

[1] The action entitled *Darcy v. PayPal Holdings, Inc., et al.*, No. 3:26-cv-01589-JSC (the "*Darcy* Action") defines the Class Period as February 25, 2025 through February 2, 2026, inclusive. The action styled *Norfolk County Retirement System v. PayPal Holdings, Inc., et al.,* No. 3:26-cv-02849-JSC (the "*Norfolk* Action") defines the Class Period as February 8, 2024 through February 2, 2026, inclusive. Movant adopts the most-inclusive Class Period defined in the *Norfolk* Action, which is appropriate at this stage of the litigation. *See e.g. Ferreira v. Funko, Inc.,* No. 2:20-cv-02319-VAP-PJWx, 2020 U.S. Dist. LEXIS 106515, at *4 n.2 (C.D. Cal. June 11, 2020); *Hom v. Vale, S.A.,* Nos. 1:15-cv-9539-GHW, et. al., 2016 U.S. Dist. LEXIS 28863, at *10 (S.D.N.Y. Mar. 7, 2016) ("[T]he Court finds that the use of the longer, more inclusive class period is proper . . . because the longer class period encompasses more potential class members and damages.").

[2] Movant's certification identifying his transactions in PayPal, as required by the PSLRA, as well as a chart identifying his losses, are attached to the accompanying Declaration of Adam M. Apton ("Apton Decl."), as Exhibits A and B, respectively.

[3] The "Class" is comprised of all persons who purchased or otherwise acquired PayPal common stock during the Class Period.

---

NOTICE OF MOTION AND MOTION OF EMIL IVANOV FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

for appointment as Lead Plaintiff.

Accordingly, Movant respectfully requests that: (1) the Actions be consolidated; (2) he be appointed Lead Plaintiff; and (3) his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") be approved as Lead Counsel.

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Whether the Actions involve substantially similar issues of fact and law and should be consolidated;

2. Whether the Court should appoint Movant as lead plaintiff under the PSLRA; and

3. Whether the Court should appoint Movant's selection of Levi & Korsinsky as Lead Counsel for the proposed Class.

## III. STATEMENT OF FACTS[4]

PayPal is an international company that enables digital payments to simplify commerce experiences. ¶ 21.

The statements in Paragraphs 23 to 43 of the *Darcy* Complaint were false and/or materially misleading. ¶ 44. Defendants created the false impression that they possessed reliable information pertaining to the Company's projected revenue outlook and anticipated growth while also minimizing risk from seasonality and macroeconomic fluctuations. *Id.* In truth, PayPal's optimistic plan for growth through various initiatives to bolster the Company's Branded Checkout offerings fell short of reality as the 2027 targets were not achievable under the tenure of Defendant Chriss as CEO; they required both an unrealistically stable consumer landscape and strong execution with clear direction from PayPal and its management. *Id.* PayPal was simply not equipped to execute on Defendants' claimed growth potential. *Id.*

On February 3, 2026, Defendants published their fourth quarter and full fiscal year results financial results. ¶ 45.

---

[4] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Darcy* Complaint") filed in the *Darcy* Action. Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Darcy* Complaint. The facts set forth in the *Darcy* Complaint are incorporated herein by reference.

NOTICE OF MOTION AND MOTION OF EMIL IVANOV FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Prior to the earnings call, Defendants produced a second press release, announcing the appointment of "Enrique Lores as President and CEO, effective March 1, 2026 … succeed[ing] Alex Chriss. ¶ 47. To ensure a seamless transition, Jamie Miller, Chief Financial and Operating Officer, will serve as Interim CEO until Lores assumes the role." *Id.*

During the earnings call, now Interim CEO Defendant Miller highlighted PayPal's disappointment with the declining growth for Branded Checkout growth and detailed the headwinds facing the Company. ¶ 49.

The aforementioned press releases and statements made by the Individual Defendants are in direct contrast to statements they made during the February 25, April 29, July 29, and October 28, 2025, earnings and shareholder calls. ¶ 51. On those calls, Defendants continually praised the progress of their initiatives to facilitate growth in Branded Checkout, dismissed concerns of competition, touted their significant "market leadership" in Germany, and repeatedly affirmed PayPal was "laser-focused" on execution, while minimizing the potential risks associated with scaling their customer base, convincing merchants to spend resources to adopt PayPal's new initiatives, and operational capacity, as well as those associated with the potential impact of the macroeconomic environment on the Company's profitability. *Id.*

Investors and analysts reacted immediately to PayPal's revelation. ¶ 52. The price of PayPal's common stock declined dramatically. *Id.* From a closing market price of $52.33 per share on February 2, 2026, PayPal's stock price fell to $41.70 per share on February 3, 2026, a decline of about 20.31% in the span of just a single day. *Id.*

## IV. PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Darcy* Action against the Defendants. Plaintiff Aaron B. Goodman ("Goodman") commenced the first-filed action on February 17, 2026, entitled *Goodman v. PayPal Holdings, Inc., et al.*, No. 5:26-cv-01381-NW (the "*Goodman* Action"). On that same day, Levi & Korinsky, counsel acting on Goodman's behalf, published a notice on *Globe Newswire* announcing that a securities class action had been initiated against the Defendants. *See* Apton Decl., Ex. C (Press Release). The *Goodman* Action was voluntarily dismissed on March 5, 2026, ECF

No. 7. It was re-filed as the *Darcy* Action on February 24, 2026.

On April 2, 2026, a substantially similar action was filed against PayPal in this Court, the *Norfolk* Action. Movant has requested consolidation of the *Darcy* and *Norfolk* Actions.

## V. ARGUMENT

### A. Consolidation of the Actions is Appropriate.

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter has been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id*.

Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1132-33 (C.D. Cal. 1999); *see also Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) ("[C]ourts have taken the view that considerations of judicial economy favor consolidation") (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Consolidation is particularly appropriate in securities class action litigation. *See Mitchell v. Complete Mgmt., Inc.*, No. 99-cv-1454, 1999 U.S. Dist. LEXIS 14460, *4 (S.D.N.Y. Sept. 17, 1999) ("In securities actions where the complaints are based on the same 'public statements and reports' consolidation is appropriate if there are common questions of law and fact . . . .") (citation omitted); *Primavera Familienstifung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997). Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements. *See, e.g.*, *Weisz v. Calpine Corp.*, No. 02-cv-1200, 2002 U.S. Dist. LEXIS 27831, at *7-8 (N.D. Cal. Aug. 19, 2002); *Takeda*, 67 F. Supp. 2d at 1132-33 (consolidation appropriate in securities class actions).

The Actions pending before this Court present similar factual and legal issues, as they both involve the same subject matter and are based on the same wrongful course of conduct. Each names PayPal and certain of its officers and/or directors as defendants. Because the Actions arise from the

NOTICE OF MOTION AND MOTION OF EMIL IVANOV FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See Celotex Corp.*, 899 F.2d at 1285.

### B. Movant's Appointment as Lead Plaintiff Is Appropriate.

#### 1. The Procedure Required by the PSLRA

Once the Court decides the consolidation motion, the PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa)    has either filed the complaint or made a motion in response to a notice;
>
> (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Johnson*, 2013 U.S. Dist. LEXIS 1610, at

NOTICE OF MOTION AND MOTION OF EMIL IVANOV FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

*4 (describing the Ninth Circuit's three-part test to determine the most adequate plaintiff under the PSLRA).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses that Defendants could raise against him. Therefore, Movant is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed Lead Plaintiff in the Actions.

### a.    Movant Is Willing to Serve as Class Representative.

On February 17, 2026, counsel in the first-filed action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A) of the Exchange Act, which announced that a securities class action had been filed against PayPal and the Individual Defendants, and which advised putative Class members that they had 60 days to file a motion to seek appointment as a lead plaintiff in the Actions.[5]

Movant has reviewed a complaint filed in the pending Actions and has timely filed his motion pursuant to the Notice. *Johnson*, 2013 U.S. Dist. LEXIS 1610, at *6.

### b.    Movant Has the Largest Financial Interest in the Relief Sought by the Class.

The Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the Actions. As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class. *See* Apton Decl., Ex. B. The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff. *Booth v. Strategic Realty Trust, Inc.*, No. 13-cv-4921, 2014 U.S. Dist. LEXIS 10501, at *3-4 (N.D. Cal. Jan. 27, 2014) (citing *In re Cavanaugh*, 306 F.3d at 726-30).

Within the Class Period, Movant purchased PayPal shares in reliance upon the materially false and misleading statements issued by Defendants and was injured thereby. Movant suffered a substantial loss of approximately $101,170.29 under a LIFO and *Dura* LIFO analysis. *See* Apton Decl., Ex. B.

---

[5] The Notice was published over *Globe Newswire*, a widely circulated national business-oriented wire service. *See* Apton Decl., Ex. C.

NOTICE OF MOTION AND MOTION OF EMIL IVANOV FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Movant thus has a significant financial interest in the outcome of this case. To the best of his knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

### 2. Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure.

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class

FED. R. CIV. P. 23(a).

Of the four prerequisites to class certification outlined in Rule 23, only two – typicality and adequacy – are recognized as appropriate for consideration at this stage. *See Hessefort v. Super Micro Computer, Inc,* 317 F.Supp.3d 1056, 1060-61 (N.D. Cal. 2018); *Veal v. LendingClub Corporation,* 2018 WL 5879645, *4 (N.D. Cal. Nov. 7, 2018); *See also Cavanaugh,* 306 F.3d at 730, n.5, 732. Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *See USBH Holdings, Inc.* 682 F. Supp.2d at, 1053. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Cavanaugh,* 306 F.3d at 732; *see also Haung v. Acterna Corp.,* 220 F.R.D. 255, 259 (D. Md. 2004); *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J. 1998).

As detailed below, Movant satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23, thereby justifying his appointment as Lead Plaintiff.

### a. Movant's Claims Is Typical of the Claims of All Class Members.

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movant plainly meets the typicality requirement of Rule 23 because his claims result from: (i) the same injuries as the absent class members; (ii) the same course of conduct by Defendants; and (iii) are based on the same legal issues. *See In re Twitter, Inc. Sec. Litig.,* 326 F.R.D. 619, 629 (N.D. Cal. 2018); *see also Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiff's claims "arise from the same conduct from which the other class members' claims and injuries arise"). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See In re LendingClub Sec. Litig.,* 282 F. Supp. 3d 1171, 1179 (N.D. Cal. 2017) (citing *Hanlon,* 150 F.3d at 1020). A finding of commonality frequently supports a finding of typicality. *See Gold v. Lumber Liquidators, Inc.,* 323 F.R.D. 280, 288 (N.D. Cal. 2017) (citing *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge)).

In this case, the typicality requirement is met because Movant's claim is identical to, and neither compete nor conflict with the claims of the other Class members. Movant, like the other members of the Class, acquired PayPal common stock during the Class Period and was damaged thereby. Thus, Movant's claim is typical, if not identical, to those of the other members of the Class because the losses Movant seeks to recover is similar to those of other Class members and his losses results from the defendants' common course of conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3). *See In re LendingClub*, 282 F. Supp. 3d at 1179; *see also In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

### b. Movant Will Adequately Represent the Class.

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to

whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interest of the movant and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1993) (citation omitted).

Movant's interest is clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Movant's interest and those of the Class, but Movant has a significant and compelling interest in prosecuting the Actions based on the large financial loss he suffered as a result of the wrongful conduct alleged in the Actions. This motivation, combined with Movant's identical interest with the members of the Class, demonstrates that Movant will vigorously pursue the interests of the Class. In addition, Movant has retained counsel highly experienced in prosecuting securities class actions and will submit his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

Moreover, Movant considers himself to be a sophisticated investor, having been investing in the stock market for six years. He resides in Bordon, United Kingdom, and possesses a degree in Economics of Commerce. Movant is currently employed as a taxi driver. Therefore, Movant will prosecute the Actions vigorously on behalf of the Class. *See* Apton Decl., Ex. D, Movant's Declaration in support of his motion.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In addition, because Movant has the largest financial interest in the outcome of the Actions as a result of the defendants' alleged wrongdoing, he is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I) and should be appointed as such to lead the Actions.

**C. Approval of Movant's Choice of Counsel Is Appropriate.**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-

4(a)(3)(B)(iii)(II)(aa).

Movant has selected and retained Levi & Korsinsky as the proposed Lead Counsel for the Class. The members of Levi & Korsinsky have extensive experience in successfully prosecuting complex securities class actions such as these and are well-qualified to represent the Class. Levi & Korsinsky has often been appointed as lead counsel in similar actions in this Circuit and across the country arising under the federal securities laws on behalf of investors. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions across the country arising under the federal securities laws on behalf of investors. As lead counsel in *In re U.S. Steel Securities Litigation,* No. 2:17-579-CB (W.D. Pa.), Levi & Korsinsky secured a $40 million recovery on behalf of investors in the securities of U.S. Steel. The firm also secured a $79 million recovery on behalf of E-Trade investors in *In re E-Trade Financial Corp.* Securities Litigation, No. 07-cv-8538 (S.D.N.Y.). Levi & Korsinsky also has trial experience relating to *In re Tesla Inc. Securities Litigation,* No. 3:18-cv-4865 (N.D. Cal.), representing Tesla investors who were harmed by Elon Musk's "funding secured" tweet from August 7, 2018. *Id.* In the last year alone, Levi & Korsinsky has been appointed lead or co-lead counsel in a number of actions in this Circuit and across the Country including *Thant v. Rain Oncology Inc. et al.*, 5:23-cv-03518 (N.D. Cal. Nov. 1, 2023); *Jaramillo v. Dish Network Corporation, et al.*, No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023); *Villanueva v. Proterra Inc. et al.,* No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023); *Martin v. BioXcel Therapeutics, Inc. et al.,* No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023); *Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*, No. 1:23-cv-02764 (N.D. Ill. July 11, 2023); *Petersen v. Stem, Inc. et al.,* No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023); *Solomon v. Peloton Interactive, Inc. et al.,* No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023); *Gurevitch v. KeyCorp, et al.*, No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023); *Thant v. Veru, Inc. et al.,* No. 1:22-cv-23960 (S.D. Fla. July 27, 2023). Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible. *See also* Apton Decl., Ex. E (the firm résumé of Levi & Korsinsky).

## VI. CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) consolidate the

NOTICE OF MOTION AND MOTION OF EMIL IVANOV FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Actions; (2) appoint Movant as Lead Plaintiff for the Class; (3) approve Levi & Korsinsky as Lead Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: April 20, 2026                    Respectfully submitted,

**LEVI & KORSINSKY, LLP**

*/s/ Adam M. Apton*
Adam M. Apton (SBN 316506)
1160 Battery Street East, Suite 100
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com

*Attorneys for Emil Ivanov and Proposed Lead Counsel for the Class*

NOTICE OF MOTION AND MOTION OF EMIL IVANOV FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF