United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY E. DARCY,<br><br>        Plaintiff,<br><br>    v.<br><br>PAYPAL HOLDINGS, INC., JAMES ALEXANDER CHRISS, JAMIE S. MILLER, DIEGO SCOTTI, and FRANK KELLER,<br><br>        Defendants. | Case No.  26-cv-01589-JSC<br><br>**ORDER RE: MOTIONS TO CONSOLIDATE AND APPOINT LEAD PLAINTIFF AND COUNSEL**<br><br>Re: Dkt. Nos. 20, 23, 35 |
| NORFOLK COUNTY RETIREMENT SYSTEM,<br><br>        Plaintiff<br><br>v.<br><br>PAYPAL HOLDINGS, INC., JAMES ALEXANDER CHRISS, JAMIE S. MILLER, DIEGO SCOTTI, and FRANK KELLER,<br><br>        Defendants | Case No. 26-cv-02849-JSC<br><br>Re: Dkt. No. 23 |

In Case Nos. 26-cv-01589-JSC and 26-cv-02849-JSC, Plaintiffs bring Private Securities Litigation Reform Act ("PSLRA") securities class actions on behalf of themselves and similarly situated individuals who purchased PayPal Holdings, Inc. ("PayPal") securities.  (Dkt. No. 1; Case No. 26-cv-02849-JSC, Dkt. No. 1.)[1]  Now pending before the Court are four motions to consolidate the cases and appoint lead plaintiff and counsel.  (Dkt. Nos. 20, 23, 35; Case No. 26-

---

[1] Record citations are to material in the Electronic Case File ("ECF") in Case No. 26-cv-01589-JSC, unless otherwise noted.  Pinpoint citations are to the ECF-generated page numbers at the top of the documents.

cv-02849-JSC, Dkt. No. 23.) Having carefully considered the parties' submissions, the Court considers oral argument unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and VACATES the June 11, 2026 hearing. The Court GRANTS the Pension Funds' motion to be lead plaintiff and appoints Labaton Keller Sucharow LLP ("Labaton") and Pomerantz LLP ("Pomerantz") as co-lead counsel. (Dkt. No. 23; Case No. 26-cv-02849-JSC, Dkt. No. 23.)[2] The Court DENIES Emil Ivanov's and JA Housing Inc.'s motions. (Dkt. Nos. 20, 35.) Through a timely motion in response to a notice, the Pension Funds have demonstrated they are the movants with the largest financial interest in the litigation, and have made a prima facie showing of typicality and adequacy which has not been rebutted.

**BACKGROUND**

On February 24, 2026, Timothy E. Darcy, on behalf of a putative class of investors purchasing PayPal common stock between February 25, 2025 and February 2, 2026, sued PayPal and PayPal executives James Alexander Chriss, Jamie S. Miller, Frank Keller, and Diego Scotti and asserted claims under Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b), 78t, and Rule 10b-5 (the "*Darcy* action"). (Dkt. No. 1.) On April 2, 2026, Norfolk County Retirement System, on behalf of a putative class of investors purchasing PayPal common stock between February 8, 2024 and February 2, 2026, sued PayPal, Mr. Chriss, Mr. Miller, Mr. Keller, and Mr. Scotti for violating Exchange Act Sections 10(b) and 20(a) and Rule 10b-5 (the "*Norfolk* action"). (Case No. 26-cv-02849-JSC, Dkt. No. 1.)[3] The Court related the cases. (Dkt. No. 17). Now pending before the Court are several motions to (1) consolidate the *Darcy* and *Norfolk* actions, (2) appoint a lead plaintiff, and (3) approve the lead plaintiff's choice of lead counsel. (Dkt. Nos. 20, 23, 35; Case No. 26-cv-02849-JSC, Dkt. No. 23.)

\\

\\

---

[2] "Pension Funds" include Wayne County Employees' Retirement System, Macomb County Intermediate Retirees Medical Benefits Trust, Macomb County Retirement Health Care Fund, Macomb County Employees' Retirement System, and Norfolk County Retirement System. (Dkt. No. 23 at 5.)

[3] Alberto Goncalves has also brought a shareholder derivative complaint against individual defendants, which the Court has related. (Dkt. No. 18; Case No. 26-cv-02145-JSC, Dkt. No. 1.)

United States District Court
Northern District of California

**DISCUSSION**

## I.    MOTIONS TO CONSOLIDATE

Federal Rule of Civil Procedure 42(a) allows a court to consolidate actions before it which "involve a common question of law or fact." *See* Fed. R. Civ. P. 42(a). Under Rule 42, "[t]he district court has broad discretion . . . to consolidate cases pending in the same district." *See Invs. Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989) (citations omitted). In determining whether consolidation is appropriate, a court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *See Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984), *rev'd and remanded on reh'g*, 753 F.2d 1081 (9th Cir. 1984). "In applying this standard, courts have found that '[c]onsolidation of private securities fraud class actions arising from the same alleged misconduct is generally appropriate.'" *GGCC, LLC v. Dynamic Ledger Sols., Inc.*, Case Nos. 17-CV-06779-RS, 17-CV-06829-RS, 17-CV-06850-RS, 17-CV-07095-RS, 2018 WL 1388488, at *2 (N.D. Cal. Mar. 16, 2018) (citation omitted). The PSLRA also requires courts to consolidate similar actions before appointing a lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii).

The Pension Funds, Mr. Ivanov, and JA Housing Inc. all move to consolidate the *Darcy* and *Norfolk* actions. (Dkt. No. 20 at 10-11; Dkt. No. 23 at 8-9; Dkt. No. 35 at 4-5; Case No. 26-cv-02849-JSC, Dkt. No. 23 at 8-9.) The actions involve the same defendants and legal claims, which are based on PayPal's false and misleading statements related to its "branded checkout" business. (Dkt. No. 1 ¶¶ 1-5; Case No. 26-cv-02849-JSC, Dkt. No. 1 ¶¶ 1-5.) And although the putative *Norfolk* class begins on February 8, 2024—earlier than the putative *Darcy* class's February 25, 2025 start—the complaints allege several of the same statements. (Dkt. No. 1 ¶¶ 1, 23; Case No. 26-cv-02849-JSC, Dkt. No. 1 ¶¶ 1, 24, 30.) So, the *Darcy* and *Norfolk* actions involve common questions of law and fact and should be consolidated.

The Court therefore grants the motion to consolidate Case No. 26-cv-01589-JSC and Case No. 26-cv-02849-JSC.

## II.    MOTIONS TO SERVE AS LEAD PLAINTIFF AND COUNSEL

Under the PSLRA, a court must "appoint as lead plaintiff the member or members of the

3

purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA creates "a presumption that the most adequate plaintiff . . . is the person or group of persons" who (1) "has either filed the complaint or made a motion in response to a notice"; (2) "has the largest financial interest in the relief sought by the class"; and (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.* § 78u-4(a)(3)(B)(iii)(I). This presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff" (1) "will not fairly and adequately protect the interests of the class" or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id.* § 78u-4(a)(3)(B)(iii)(II).

### A.    Filed the Complaint or Made a Motion in Response to a Notice

As to the first required element, within 20 days of filing a PSLRA complaint, a plaintiff must "cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class . . . of the pendency of the action, the claims asserted therein, and the purported class period." *Id.* § 78u-4(a)(3)(A)(i). "[N]ot later than 60 days after . . . the notice is published, any member of the purported class may move the court to serve as lead plaintiff." *Id.* § 78u-4(a)(3)(A)(i)(II).

On February 17, 2026, Aaron B. Goodman initiated *Goodman v. PayPal Holdings, Inc.*, No. 26-cv-01381-NW (N.D. Cal.), and Mr. Goodman's counsel published notice of that case on *Globe Newswire* with an April 20, 2026 deadline for lead plaintiff motions. (Dkt. Nos. 20-4, 23-5, 35-2.) Mr. Goodman then voluntarily dismissed the *Goodman* action. (Case No. 26-cv-01381-NW, Dkt. No. 7.) The *Darcy* and *Norfolk* actions, which allege nearly identical facts to those in *Goodman*, were subsequently filed. (Dkt. No. 1; Case No. 26-cv-02849-JSC, Dkt. No. 1.) Plaintiff's counsel in *Norfolk* also published a notice in *Business Wire* alerting investors to the pendency of the *Norfolk* action and reiterating the April 20 deadline. (Dkt. No. 23-7; Case No. 26-cv-02849-JSC, Dkt. No. 18-1.)

Mr. Ivanov, Pension Funds, and JA Housing Inc. each filed their motions on April 20, 2026. (Dkt. Nos. 20, 23, 35; Case No. 26-cv-02849-JSC, Dkt. No. 23.) So, they each made a

United States District Court
Northern District of California

4

timely motion in response to a notice and so satisfy the first element.

### B.      Largest Financial Interest in the Relief Sought by the Class

The second required element to be the presumptively most adequate plaintiff is to be the plaintiff "who has the greatest financial stake in the outcome of the case." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(i)).

Based on the parties' submissions, the Pension Funds allege the greatest financial stake in this case.  Together, the Pension Funds allege they lost $4,277,809.02 during the class period. (Dkt. No. 23-3 at 6.)  In comparison, JA Housing Inc. alleges it lost $647,176.67, (Dkt. No. 35-4 at 2), and Mr. Ivanov alleges he lost $101,170.29, (Dkt. No. 20-3 at 2).  While the Pension Funds are a group rather than a single entity, the PSLRA refers to a group or group of persons, and the Ninth Circuit has expressly approved appointment of a group of persons.  *In re Mersho*, 6 F.4th 891 (9th Cir. 2021)

### C.      Federal Rule of Civil Procedure 23

The final requirement to be presumptive lead plaintiff is to "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure," meaning the plaintiff must "ma[ke] a prima facie showing of adequacy and typicality." *In re Mersho*, 6 F.4th 891, 899 (9th Cir. 2021) (cleaned up). "At this step, the process is not adversarial, so the Rule 23 determination should be based on only the movant's pleadings and declarations." *Id.* (citation omitted).

"The typicality requirement is satisfied when the putative lead plaintiff has suffered the same injuries as absent class members as a result of the same conduct by the defendants." *Das v. Unity Software Inc.*, No. 5:22-CV-03962-EJD, 2023 WL 1927739, at *2 (N.D. Cal. Feb. 10, 2023) (quotation marks and citation omitted).  Here, the Pension Funds' pleadings and declarations establish their claims are typical of those asserted by the purported class because they purchased PayPal securities during the class period "at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions," and suffered resulting losses.  (Dkt. No. 23 at 11; Dkt. No. 23-3; Case No. 26-cv-02849-JSC, Dkt. No. 1.)

A representative party must also "fairly and adequately protect the interests of the Class." Fed. R. Civ. P. 23(a)(4).  "Courts determine whether a plaintiff will adequately represent a class

by answering two questions: (1) do the movant and its 'counsel have any conflicts of interest with other class members' and (2) will the movant and its 'counsel prosecute the action vigorously on behalf of the class?'" *In re Mersho*, 6 F.4th at 899-900 (quoting *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011)).  The Pension Funds' financial interest creates a sufficient incentive to vigorously advocate for the class, and they represent "no antagonism exists between the Pension Funds' interests and those of the absent class members." (Dkt. No. 23 at 12.) Furthermore, the Pension Funds' proposed lead counsel, Labaton and Pomeranz, have submitted their firm resumes as evidence they have the expertise and experience to vigorously prosecute the case and intend to provide "the highest caliber of legal representation." (*Id.* at 15; Dkt. Nos. 23-8, 23-9, 23-10.)

Defendants, however, respond to the Pension Funds' motion "tak[ing] no position on who the Court appoints as lead plaintiff or lead counsel," but noting the appointment of the Pension Funds and their proposed co-lead counsel raises the question "whether an aggregated investor group will function cohesively, supervise counsel, and advance the interests of the class." (Dkt. No. 51 at 2.)  "[P]laintiffs moving together to be appointed lead plaintiff as a group is not [automatically] disqualifying under the PSLRA." *See Bhangal v. Hawaiian Elec. Indus., Inc.*, No. 3:23-CV-04332-JSC, 2023 WL 8482871, at *4 (N.D. Cal. Dec. 7, 2023) (citing *In re Mersho*, 6 F.4th at 899 (explaining the PSLRA "expressly allows a 'group of persons' to move for appointment" (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)))).  Instead, "[d]istrict courts have 'latitude' in what information they can consider to assess adequacy," and "the lack of a pre-litigation relationship [may be] part of [the] adequacy analysis . . . because it may indicate that members may not work together well to vigorously prosecute the litigation or they may not be able to control counsel." *In re Mersho*, 6 F.4th at 901 (citations omitted).[4]  For example, "a group of previously-unrelated investors may show that it is an adequate class representative if it demonstrates that the group is small and cohesive, and that the individual members have

---

[4] Although the Pension Funds argue Defendants lack standing to oppose the motion, *see* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (allowing rebuttal "only upon proof by a member of the purported plaintiff class"), the Court may consider the Pension Funds' relationship and choice of co-lead counsel as part of its own assessment of adequacy, *see In re Mersho*, 6 F.4th at 901.

demonstrated an ability to work together effectively on behalf of the class." *In re Aqua Metals Sec. Litig.*, No. 17-CV-07142-HSG, 2018 WL 4860188, at *4 (N.D. Cal. May 23, 2018) (citation omitted).

Here, the Pension Funds have presented sufficient evidence they will work cohesively, supervise counsel, and vigorously fulfill their duties to the class, and are therefore adequate lead plaintiffs. First, the Pension Funds declare they are "like-minded sophisticated institutional investors" and "public pension funds dedicated to serving [their] members and beneficiaries," and they have "parallel experience and fiduciary responsibility [which] ensure[s] that [they] will be aligned and well-coordinated in litigating this lawsuit on behalf of [themselves] and the Class." (Dkt. No. 23-4 ¶¶ 7, 8, 10.) In particular, the Pension Funds "share a common investment manager which managed the relevant transactions in PayPal stock." (*Id.* ¶ 8.) *See also In re CTI Biopharma Corp. Sec. Litig.*, No. C16-216RSL, 2016 WL 7805876, at *2 (W.D. Wash. Sept. 2, 2016) (appointing as lead plaintiff multiple funds who "share the same . . . investment manager"). Second, in this case, the Pension Funds have already worked together to review the complaint allegations, move for appointment as Lead Plaintiff, evaluate and select their counsel, and develop "procedures and mechanisms for communication and decision-making that will ensure that the proposed class will benefit from [their] supervision of counsel." (Dkt. No. 23-4 ¶¶ 6, 11.) Third, several of the Pension Funds already have "experience serving as lead plaintiff both individually and as part of cohesive lead plaintiff groups, including with each other." (*Id.* ¶ 7 (citing examples).) And fourth, the Pension Funds' declaration explains the procedures they have adopted to "actively monitor the activities of counsel to ensure that the litigation is prosecuted in the best interests of the class." (*Id.* ¶¶ 12-13.) *See Ohio Pub. Emps. Ret. Sys. v. Meta Platforms, Inc.*, Case Nos. 21-CV-08812-JST, 21-CV-08873-JST, 21-CV-09041-JST, 2022 WL 3571995, at *3 (N.D. Cal. July 26, 2022) (finding "sophisticated institutional investors" who submitted joint declarations "will appropriately supervise counsel").

Pension Funds also declare "not only are Labaton and Pomerantz each well-qualified and experienced law firms in their own right, but they have a successful track record of working together as co-lead counsel." (Dkt. No. 23-4 ¶ 16 (citing cases).) Given evidence of their

United States District Court
Northern District of California

experience working together, Labaton and Pomerantz will adequately fulfill their duties to the class as co-lead counsel.

So, the Pension Funds have made a prima facie showing of typicality and adequacy. Mr. Ivanov and JA Housing Inc. do not oppose the Pension Funds' competing lead plaintiff motion and therefore do not rebut the presumption the Pension Funds are the most adequate plaintiff. (Dkt. Nos. 48, 49.)

So, the Pension Funds are the proper lead plaintiffs.

**CONCLUSION**

For the reasons stated above, the Court GRANTS the motions to consolidate and consolidates Case No. 26-cv-01589-JSC and Case No. 26-cv-02849-JSC under the docket for Case No. 26-cv-01589-JSC and the title "In re: PayPal Branded Checkout Securities Litigation."

The Court also GRANTS the Pension Funds' motion to be lead plaintiff in this action and any subsequently filed or transferred actions consolidated with this action, pursuant to 15 U.S.C. § 78u-4(a)(3)(B). And the Court appoints Labaton and Pomerantz as lead counsel. Lead counsel shall have the following responsibilities and duties on behalf of lead plaintiff and the putative class:

(a) Preparing and filing all pleadings;

(b) Briefing and arguing any and all motions;

(c) Conducting any and all discovery proceedings including depositions;

(d) Settlement negotiations;

(e) Pretrial discovery proceedings and the preparation for trial and the trial of this matter; and

(f) The supervision of all other matters concerning the prosecution or resolution of the consolidated action.

Pursuant to Docket No. 9, within 14 days of the date of this Order, lead plaintiff and Defendants shall meet and confer and submit a stipulation regarding the filing of a consolidated amended complaint and Defendants' response.

The Court denies Mr. Ivanov's and JA Housing Inc.'s motions to be lead plaintiff in light

8

of their non-opposition to Pension Funds' motion. The Court also declines to appoint Bernstein Litowitz Berger & Grossman LLP as liaison counsel. No explanation is given as to why "liaison" counsel is necessary, and the Pension Funds' declaration does not even mention them. (Dkt. Nos. 23, 23-4.)

This Order disposes of Docket Nos. 20, 23, and 35 in Case No. 26-cv-01589-JSC, and Docket No. 23 in Case No. 26-cv-02849-JSC.

**IT IS SO ORDERED.**

Dated: May 21, 2026

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California